Eastern District of Kentucky
F I L E D
AUG 1 3 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

ALBERTO LOZA-GRACIA, )
)
    Petitioner, ) Civil No. 0:18-060-HRW
)
v. )
)
JASON C. STREEVAL, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Alberto Loza-Gracia is a prisoner confined at the at the Federal Correctional Institution ("FCI")-Ashland Camp in Ashland, Kentucky. Proceeding without a lawyer, Loza-Gracia has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Loza-Gracia's petition.

I.

In August 2009, Loza-Gracia was charged by a federal grand jury sitting for the United States District Court for the Eastern District of Texas with one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count One). *United States v. Loza-Gracia*, No. 4:09-cr-152-MAC-CAN-1 (E.D. Tex. 2009). In April 2010, pursuant to a plea agreement with the United States,

1

Loza-Gracia pled guilty to Count One. [*Id.* at D.E. No. 58, 60] Loza-Gracia's plea agreement contained the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

*Loza-Gracia v. United States*, No. 4:12-cv-699-MAC-DDB (E.D. Tex. 2012) at D.E. No. 30.[1]

In February 2011, Loza-Gracia was sentenced to a term of imprisonment of 188 months. *United States v. Loza-Gracia*, No. 4:09-cr-152-MAC-CAN-1 (E.D. Tex. 2009) at D.E. No. 97. His conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fifth Circuit. *United States v. Loza-Gracia*, 670 F.3d 639 (5th Cir. 2012).

Although Loza-Gracia sought relief from his sentence via a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, this motion was denied

---

[1] Although Loza-Gracia's plea agreement is sealed in his criminal case, *United States v. Loza-Gracia*, No. 4:09-cr-152-MAC-CAN-1 (E.D. Tex. 2009) at D.E. No. 60, the relevant provisions are reproduced in the Report and Recommendation prepared by the Magistrate Judge recommending the denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Loza-Gracia v. United States*, No. 4:12-cv-699-MAC-DDB (E.D. Tex. 2012) at D.E. No. 30. The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); see also Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. Fed. R. Evid. 902(5).

based on the waiver provision of his plea agreement. *Loza-Gracia v. United States*, No. 4:12-cv-699-MAC-DDB (E.D. Tex. 2012) at D.E. No. 30; *United States v. Loza-Gracia*, No. 4:09-cr-152-MAC-CAN-1 (E.D. Tex. 2009) at D.E. No. 146 (adopting the Report and Recommendation prepared by the Magistrate Judge). In the Report and Recommendation adopted by the District Court, the Magistrate Judge specifically found that: 1) Loza-Gracia's plea was voluntary and knowing, thus the waiver in his plea agreement must be enforced; and 2) neither of the exceptions listed in the waiver applied because his sentence of 188 months does not exceed the statutory maximum and, to the extent that he raised ineffective assistance of counsel claims in his § 2255 petition, neither of those claims affected the validity of the waiver itself. *Loza-Gracia v. United States*, No. 4:12-cv-699-MAC-DDB (E.D. Tex. 2012) at D.E. No. 30, p. 12.

Although Loza-Gracia filed a motion for leave to file a successive § 2255 petition in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), this motion was denied by the Court of Appeals for the Fifth Circuit. *In re: Alberto Loza-Gracia*, No. 16-40720 (5th Cir. Jul 21, 2016).

Loza-Gracia has now filed a § 2241 petition with this Court, arguing that, in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), as well as the United States Court of Appeals for the Fifth Circuit's decisions in *United States*

3

*v. Tanksley*, 848 F.3d 347 (5th Cir. 2017) and *United States v. Hill*, 716 F. App'x 327, 331 (5th Cir. 2018), his prior Texas conviction for delivery of a controlled substance is no longer a viable predicate offense for purposes of his classification as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. Loza-Gracia invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition.

II.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Loza-Gracia's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and liberally construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Loza-Gracia's petition must be denied because he knowingly and voluntarily waived his right to contest his sentence in a post-conviction proceeding in his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241,

4

including this one. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.")(citation omitted); *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-cv-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

As with his prior attempt to challenge his sentence in his first § 2255 petition, neither of the exceptions to the waiver provision apply, as his sentence did nor exceed the statutory maximum, nor does he raise a claim of ineffective assistance of counsel implicating the validity of the waiver itself. "The subsequent developments in this area of the law 'do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Slusser*, 895 F.3d at 440 (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)). Because Loza-Gracia waived the right to bring this § 2241 petition in his plea agreement, his petition must be denied.

Even absent Loza-Gracia's waiver, his § 2241 petition would still be denied as an impermissible collateral attack on his sentence. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a federal prisoner who wishes to challenge the legality of his conviction or sentence must file

5

a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*,

6

836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Here, Loza-Gracia does not satisfy the first criteria in *Hill* because he was sentenced in 2011, long after *Booker* was decided. Thus, even absent the waiver of his right to contest his sentence in a post-conviction proceeding in his plea agreement, he is not entitled to relief.

Accordingly, it is **ORDERED** that:

1. Loza-Gracia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 13th day of August, 2018.

7



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge